IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

*Joshua Jerome Beadle*

(Enter above the full name of the plaintiff
or plaintiffs in this action.)

**RECEIVED**

FEB 15 2023

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

vs.

*Shelby County Criminal Justice Center, Off. Hilson, Dpt. C. Gatewood, Dpt. Reginald Wilkins, Off. T. Watkins #10629, Off. W. Woodard, Off. Toborn, Lt. T. Parker, Lt. Dotson, Lt. G. Peppers, Off. B. Fleming, Kristy Woods*

(Enter above the full name of the defendant
or defendants in this action.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C., §1983

I.  Previous Lawsuits
    A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes ( ) No (X)

    B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1. Parties to this previous lawsuit

    Plaintiffs: _____

    Defendants: _____

    2. Court (if federal court, name the district; if state court, name the county): _____

    3. Docket Number: _____

    4. Name of judge to whom case was assigned: _____

    5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    6. Approximate date of filing lawsuit: _____

    7. Approximate date of disposition: _____

II. Place of Present Confinement: SHELBY COUNTY CRIMINAL JUSTICE CENTER
   A. Is there a prisoner grievance procedure in the institution?
      Yes (X)  No ( )
   B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?   Yes (X)  No ( )
   C. If your answer is Yes:
      1. What steps did you take? PROCESSED ALL PROCEDURAL GRIEVANCES AND WROTE LETTER TO GRIEVANCE SUPERVISOR CAPT. DOTSON
      2. What was the result? A NO CONTACT ORDER, THAT WAS NOT FOLLOWED/ADHERED TO BY NO ONE.
   D. If your answer is No, explain why not: _____

III. Parties
   (In item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)
   A. Name of Plaintiff  JOSHUA JEROME BEADLE
      Address  201 POPLAR AVENUE, MEMPHIS, TENNESSEE, 38103

   (In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of an additional defendants.)
   B. Defendant OFFICER HILSON is employed as DRT. DETENTION RESPONSE TEAM at SHELBY COUNTY CRIMINAL JUSTICE CENTER, 201 POPLAR AVE.

   C. Additional Defendants: DR. C. GATEWOOD, DR. REGINALD WILKINS, OFF. T. WILKINS, OFF. W. WOODARD, OFF. TABORN, LT. T. PARKER, LT. DOTSON, LT. G. PEPPERS, OFF. B. FLEMING, KRISTY WOODS

IV. Statement of Claim

   State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.

ON 6/21/2022 AT AROUND 1:00 PM TO 1:55 PM WHILE LOCKED DOWN INSIDE OF MY CELL, STANDING AT MY CELL DOOR = 4-6-16 CELL WITH MY ARMS EXTENDED OUT OF THE BARS, HOLDING MY COUNTY ISSUED CUP = OFFICER HILSON ENTERED THE POD FOR NO JOB RELATED REASON = EVENTUALLY BECAME ARGUEMENTATIVE WITH ME, THINKING I WAS THE SOURCE EXPOSING RUMORS ABOUT HIS WIFE WHO ALSO WORK HERE. OFFICER HILSON THEN CAME TO MY DOOR, ATTEMPTED TO KICK MY ARM BUT MISSED, THEN STARTED GRABBING AND

Revised 4/18/08

V. Relief
State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I ASK FOR A PERSONAL CAPACITY MONEY AWARD OF EACH PERSON NAMED AS A DEFENDANT OF ONE HUNDRED AND FIFTY THOUSAND DOLLARS EACH.

I ASK FOR A OFFICIAL CAPACITY MONEY AWARD OF THE SHELBY COUNTY CRIMINAL JUSTICE CENTER OF ONE MILLION THREE HUNDRED AND FIFTY THOUSAND DOLLARS.

TOTAL: $2,700,000,000

VI. Jury Demand
I would like to have my case tried by a jury. Yes (X) No ( ).

I (We) hereby certify under penalty of perjury that the above complaint is true to the best of our information, knowledge, and belief.

Signed this __16__ day of __February__, 20__23__.

*Joshua J. Beadle*

(Signature of Plaintiff/Plaintiffs)

Pg. 3

bending my arm and violently attempting a "martial arts chopping technique" on my arm.

Be advised, that while Officer Hilson was assaulting me = my designated pod officer, Detention Response Team Member Off. Gatewood and D.R.T. Off. Wilkins was standing at a close approximite to my cell, talking to other inmates in other cells but stood there and just watched.

### 2nd Related Claim

On 6/25/2022 at around the same hours as first incident = I was physically attacked by Off. Hilson again but this time he used a weapon. As I was standing at my cell door, arms extended out of my bars with my county issued cup in my hand = Note: (By placing a piece of serran wrap around the top of this cup, it becomes a mirror in which we use to watch T.V. if the position of our cell prevents directly seeing the T.V.) = Another arguement began in which I told Off. Hilson he would not get away with his actions, his words became very vulgar as he walked up to the entrance of the pod, grabbed the broom, walked back to my cell door and began shoving and punching me with this broom causing bruising

and swelling to my left arm (inside of elbow area), also jabbing me in my rib area. Surveillance will show Ms. Watkins standing at the entrance of the pod watching the entire incident.

### 3rd Related Claim

On 6/27/2022 at around 6:30 am to 8:00 am while conducting breakfast feeding, my door was opened by Off. Hilson in which one of the "inmate workers" gave me my breakfast tray. After accepting my tray, Off. Hilson attempted to roll my door close from the panel outside of the pod but the door got jammed. (Be advised that I was rushed to outside medical at Regional One Hospital Trauma on 6/20/22 due to my left hand being slammed inside of this same door, being jammed and almost severing my hand). He began to yell profanely and accused me of holding or stopping the door from closing. He called an officer in the hallway to assist and Ms. Woodard and Ms. Taborn arrived. Off. Hilson entered the pod, came to my door, shook it and popped it back on track closing it. In my frustration of how was he allowed to continue to have contact with me, I told him loudly I was going to press charges and

file a suit against him, he continued to yell profanly as he walked out the pod then mere seconds later re-entered the pod, came back to my cell and dashed hot coffee all over me. Ms. Woodard and Ms. Taborn will be shown on surveillance standing at the entrance of the pod.

All three claims occurred 4th Floor = Golf Pod = Cell 16.

Joshua Beadle
# 15118151

Pg. 2

## Supplemental Facts of Claims

1. On assault dated 6/21/2022 due to time of incident, I had to wait until shift changed to inform authorities about incident which happen between 1:00 pm to 1:55 pm and shift was changing at 2:00 pm. Second shift Off. Williams #20333 made a security round in pod around 2:30 pm to 3:00 pm in which I informed him of my urgent need to speak with his sergeant and the nature of my request. He assured to relay message. At around 4:30 pm I talked with Sgt. Buford who got me an appointment to medical due to my arm being in excruciating pain and said he would inform unit manager Lt. Parker #9078 who minutes later came to my pod, talked to me at the sally port and said she would review surveillance and if my statements were true, she would follow protocol and keep Off. Hilson away from me. I was takened to medical escorted by Off. Williams #20333 and seen by Nurse Haywood.

2. On assault dated 6/25/2022 due to around the exact timing, I had to inform Sgt. Buford of second shift of this incident also. He got me sent to medical in which I believe I was seen by the same nurse but can't remember. My arm was bandage with onitment due to the broom tiring skin (infection purposes).

## Supplemental Facts of Claims

Continue of any Related Claim:
Once I returned from medical, I asked Sgt. Buford about protocol of contacting Gang Intel Unit who's job duty/responsibility as designated entity in developing photo's of such incidents. Sgt. Buford said he would contact G.I.U but I was never visited by them and no one ever came to take photo's.

3. On assault, dated 6/27/2022, designated Sgt. Burks was floor supervisor. I informed Off. Woodard who informed Sgt. Burks verbally. Later that morning Sgt. Burks came to my pod to see another inmate, I took that opportunity-seeing that I was strangely not her reason for coming to the pod, and spoke to her about Off. Hilson dashing coffee on me and she basically brushed me off and told me to write a grievance. I informed her that this floor is under her supervision but to no avail. I did not go to medical.

Joshua Beadle
#15118151

## General Housing Management Policy 800

800.05 States: All staff members who witnessed a use of force incident will submit a use of force witness incident report.

Note: Not only did all coworkers who witnessed these assaults did not submit a report. Surveillance will show these co-workers never attempted intervene nor did they check on me after I was viciously assaulted.

Joshua Beadle
#15118151

<u>OFFICER'S INVOLVEMENT</u>                                    Pg. 1

1. STATEMENT OF CLAIM ONE:
   DRT OFFICER'S = GATEWOOD AND WILKINS, AS DETENTION RESPONSE TEAM MEMBERS (SPECIAL OPERATION) ARE DESIGNED AND TRAINED TO THESE TYPES OF SITUATIONS. NOT ONLY WILL SURVEILLANCE SHOW THEM STANDING CLOSE RANGE TO HAVE PHYSICALLY STOP OR AT LEAST ATTEMPT TO RESTRAIN THIS OFFICER, THEY NEVER EVEN REPORTED THIS INCIDENT BY GENERAL HOUSING MANAGEMENT POLICY 800.05. THIS UNIT IS AN ADMINISTRATIVE ENTITY, THE DETENTION RESPONSE TEAM.

2. 2ND RELATED CLAIM:
   OFFICER WATKINS #10629 WHO IS ALSO AN ADMINISTRATIVE OFFICER, WHO I RESPECTFULLY TAKE INTO GREAT CONSIDERATION OF HER GENDER IN NOT ATTEMPTING TO PHYSICALLY STOP THIS OFFICER WHO WAS A MAN WITH A WEAPON IN HIS HAND VERY IRATE. BY GENERAL HOUSING MANAGEMENT POLICY 800.05 SHE WAS OBLIGATED TO MAKE A REPORT AND THESE OBLIGATIONS ARE EMBEDDED IN THE COREMESS OF THE SHELBY COUNTY CRIMINAL JUSTICE CENTER MISSION STATEMENT: "BY EMPLOYING SOUND CORRECTION PRACTICES, PROVIDE A SAFE AND HUMANE ENVIRONMENT FOR BOTH STAFF AND INMATES IN WHICH PUBLIC SAFETY IS EMPHASIZED AND INTEGRITY IN WORDS AND ACTIONS IS PRACTICED." SURVEILLANCE WILL SHOW OFF. WATKINS STANDING NOT EVEN 20 FEET AWAY AT THE FRONT ENTRANCE OF THE POD OBSERVING THIS ENTIRE INCIDENT.

Continue:                    <u>Officer's Involvement</u>                    Pg. 2

3. 3RD RELATED CLAIM:

Officer Woodard and Off. Taborn who is also women could not physically do anything as far as restraining because Off. Hilson actions were quick and over in a second. But surveillance will place these two co-worker's at front entrance of Pod observing, but did not report to supervisor, document by General Housing Management Policy 800.05 Nor did these officer attempt to assess my safety after officer Hilson threw hot coffee all over me.

Joshua Buddle
#15118151

Pg. 3

## Officer's Involvement

Lt. Parker at time of incident was Unit Manager of the 4th Floor, the direct overseer - who I was only able to speak with about the first incident, but strangely I never spoke to her again, as I should have - due to the escalating series of events that continued. Grievance #589527 is evident documentation of recorded surveillance of Off. Wilson being allowed by the chain of command of this administration to continue contact with me even after his violently bizarre physical aggression captured on surveillance. Lt. Parker by policy & procedure and protocol was informed or should have, which creates another issue but this is not something that doesn't automatically fall under her duty and responsibility as Lt. Parker was actively present at work, records of jail will ascertain.

Joshua Beadle
#15118151

Pg. 2

## Part 2
## Notation of Claims

After the first attack and because this incident was captured on surveillance, I believed that the supervisors would undoubtably atleast keep this officer from having any contact with me, because any reasonable person would take an incident of this degree, in a place of business as this, with immediate actions. But within days of each, I was viciously physically attacked twice more, also on surveillance and these attacks elevated in nature and method, once with a broom stick and then throwing hot coffee on me. After reporting all three assaults and grievances on all incidents and speaking with the floor supervisors, it psycologically disturbs me greatly that this administration is still to this day allowing this officer to have contact with me. This officer was recently promoted to a special unit with more authority. This unit is called Special Operation Detention Response Team in which he was previously suspended/terminated for a few years because of disciplinaries and it is bizarre and clearly evident of a culpable malfunction all the way up to the highest level in this administration, for two reasons, one being that in incidents of this nature, higher authority personnels and several different investigative entities in this facility are by policy and protocol to be automatically contacted because these entities are dutily responsible for carring out certain tasks, namely, P.R.E.A., T.B.I., and Internal Affair Office to name a few and these reports inevitably lands on the desks of the administrative heads.

<u>Part 1 Notation of Claims</u>                                                    Pg. 2

The second evident reason of this culpable malfunction is that the heads of authority and the staff who oversee these investigative entities all have worked here 15 or better years. Officer Hilson has threaten to kill me in front of sergeants and co-workers several times, it is no reasonable explanation why this officer has not been terminated but instead promoted after assaulting me.

Joshua Beadle
# 15118151

CONTINUE:

RECEIVED

G = 522413

2022 JUN 30 AM 11:45
INMATE GRIEVANCE OFFICE

I am asking that surveillance be pulled and stored for investigative purposes. I am also requesting to speak with the Sheriff, Chief of Administration and/or Chief of Security for further considerations of resolutions due to the seriousness of documented ongoing series of events/incidents that is continuing to place my life in the threat of death.

U.S. Constitution
My 8, 14 Amendments were violated as well as my Article 1 § 13 of the Tennessee Constitution.

Shelby County Mission Statement:
We, the Shelby County Criminal Justice Center, will by employing sound corrections practices, provide a safe and humane environment for both staff and inmates in which public safety is emphasized and integrity in words and actions is practiced.

Respectfully:
Joshua Beavle
#1511 8151
4 = A = 16 cell